IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK JAMES HOWARD, TDCJ # 1527296, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-1865 |
| TRACY BAILEY, *et al.*, | § § | |
| Defendants. | § § | |

## **MEMORANDUM AND ORDER**

The plaintiff, Patrick James Howard (TDCJ # 1527296), is currently in custody in the Estelle Unit of Texas Department of Criminal Justice ("TDCJ"). Howard filed a prisoner civil rights complaint seeking damages and injunctive relief. He alleges that he has been denied medical services and accommodations for his disability in violation of the Americans with Disabilities Act ("ADA"). Howard has filed a motion to proceed *in forma pauperis.* After reviewing all of the pleadings and Howard's litigation history, the Court dismisses this case for the reasons that follow.

Under the three-strikes rule, a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted unless he is in imminent danger of serious

physical injury. *See* 28 U.S.C. § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996). Court records reflect that, while incarcerated, Howard has filed at least three prisoner civil rights suits in the federal courts which were dismissed as frivolous. (1)Howard v. Myers, No. H-14-01179 (S.D. Tex. 2014); (2) *Howard v. Livingston*, No. H-13-2679 (S.D. Tex. 2014); and (3) *Howard v. Gensil*, No. H-13-1015 (S.D. Tex. 2013). He has also filed a prisoner civil rights appeal which the United States Court of Appeals for the Fifth Circuit dismissed as frivolous. *Howard v. Davis*, No. 13-40677, 2014 WL 68917 (5th Cir. 2014) (not selected for publication). Because of this record, Howard has incurred at least three "strikes" for purposes of the "three strikes rule" established by the Prison Litigation Reform Act (the "PLRA"). 28 U.S.C. § 1915(g). Consequently, Howard may not proceed *in forma pauperis*, and his complaint is subject to dismissal, unless the pleadings show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Howard only alleges deficiencies at the facilities of the Estelle Unit and does not assert any specific facts which show that he is in immediate danger. Howard's dissatisfaction with the medical services at the Estelle does not justify an exception to the three strike's bar of 28 U.S.C. § 1915(g). *See Banos*, 144 F.3d at 884.

Howard cannot proceed as a pauper in this action because he alleges no facts

which would indicate that he is in any immediate danger. *Choyce v. Dominguez*, 160 F.3d 1068, 1070-71 (5th Cir. 1998). Consequently, Howard's complaint is subject to immediate dismissal under 28 U.S.C. § 1915(g). *See Comeaux v. Cockrell*, 72 F.App'x 54 (5th Cir. 2003).

Accordingly, the Court **ORDERS** as follows:

1. Pursuant to 28 U.S.C. § 1915(g), the plaintiff's motion for leave to proceed *in forma pauperis* [Doc. #2] is **DENIED**.

2. This case is **DISMISSED**, without prejudice, because the plaintiff is barred from filing a complaint without paying the fee in advance. 28 U.S.C. § 1915(g).

3. **The Clerk will provide copies of this Memorandum and Order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711, Fax 512-936-2159; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas on July 9, 2014.

_____
Nancy F. Atlas
United States District Judge